Scott<br>v.<br>Dickinson.

MARTIN TINKER *versus* The Inhabitants of RUSSELL.

In pursuance of authority from the legislature, a canal was located in such a manner as to include a county road, and was partly made, but afterwards, during a suspension of labor upon the canal, a surveyor of highways in the town in which the road lay, made the road passable, but not safe. It was *held*, that the road had been discontinued; and consequently, that the town was not responsible to a person injured by reason of its being out of repair.

THIS was an action on *St.* 1786, *c*. 81, § 7, to recover damages for an injury sustained by the plaintiff, in February, 1830, in consequence of a defect in a highway in the town of Russell.

At the trial, before *Putnam* J., the defendants proved, that in September, 1827, by virtue of *St.* 1822, *c*. 59, incorporating the Hampshire and Hampden Canal Company, a canal, and feeder for the same, were regularly located in such a manner as to include the whole of the road at the place where the injury was sustained by the plaintiff; and that under this location an excavation and an embankment had been made in 1827 and 1828, so as entirely to take up the road and obstruct all travel upon it. The road remained in this condition until 1829, when by work done, partly by the neighbours and partly by a surveyor of highways, (who acted without any authority from the town, except a general discretionary authority to repair the roads for the distance of two miles, of which two miles the part taken for the canal did not exceed twenty rods,) a road from seven to eight feet in width was made on the embankment and within the limits of the canal and feeder as located and worked, without any railing, and it was in this state when the accident complained of, happened. After 1828, no more work was done on the canal until 1832. By the act of incorporation, the company were allowed ten years from February 4, 1823, for the purpose of making the canal

Tinker
v.
Russell.

The defendants claimed that these facts furnished a sufficient lefence to the action, but the judge ruled against them, intending to reserve the question, and a verdict was returned for the plaintiff.

*Dewey*, for the defendants.

*I. C. Bates, Knox* and *Hamilton* for the plaintiff.

*Sept. 28th,*
*1832.*

*Per Curiam.* We cannot entertain a doubt tnat the road was discontinued at the place in question, by the laying out of the canal, and that the defendants were of course exonerated ifrom the duty of keeping the road in repair. By the act in-·corporating the canal company, § 7, any person, who, contrary to law, in any way injures the canal, or any part of it, is made liable for treble damages and also to indictment. It is objected, that during the suspension of the work on the canal, the surveyor of highways of the town of Russell made repairs on the road, whereby it was rendered passable ; but after it had been discontinued by the authority of the legislature, neither the surveyor nor the town had power to reëstablish it.

*Plaintiff nonsuit*